JOSEPH C. DAY, PLAINTIFF IN ERROR, v. GILBERT COMPTON, DEFENDANT IN ERROR.

1. When a vessel has been seized under the act for the protection of clams and oysters, and the proceeding is pending before the two justices, and the vessel is replevied by the owner by writ out of the Circuit Court, a plea to the jurisdiction of such Circuit Court is proper.
2. A vessel having become forfeited may be seized at a time subsequent to the illegal transaction and when she is not employed in any illegal act.
3. A vessel so seized may be held in custody until the final decision of the complaint.

In error to the Cumberland Circuit.

The suit below was in *replevin.*

Gilbert Compton, the defendant in this case, was the special officer appointed under and by virtue of an act of the legislature, approved March 21st, 1871. As such officer, September 3d, 1871, he seized the schooner Mary McCabe, her tackle, &c., being the subject matter of this suit, for an alleged violation of the 7th section of the " act for the preservation of clams and oysters," approved April 14th, 1846, and immediately thereafter, to wit, September 4th, 1871, made a complaint under oath, to two justices of the peace of the county of Cumberland, within the limits of which county the seizure was made.    The facts set forth in the complaint aforesaid, if true, constituted a violation of the law of 1846, cited *supra,* and the two justices upon filing the said complaint, thereupon assumed jurisdiction of the cause, appointed the 9th day of September then instant, for the hearing of the same, and directed that the schooner aforesaid should remain in the possession of the defendant, in order that she might be forthcoming on the day of trial, and that adjudication might be had.    The said schooner, under color of the writ of replevin issued by the plaintiff in this cause, was taken out of the aforesaid possession of the defendant, September 8th,

1871, after the day of the said trial had been thus appointed, but before it had arrived.

The declaration alleges a tortious taking of the *res* in dispute by the defendant. The plea sets forth fully the facts of the seizure aforesaid, the filing of the complaint, the complaint itself, the appointment of the day of trial by the two justices, the custody of the schooner by the defendant under the direction of the court, pending the arrival of the day appointed for trial, the replevying of the same by the plaintiff herein ; and avers that the court of two justices had acquired and were exercising lawful, competent and exclusive jurisdiction to hear and determine concerning the said seizure and detention.

To this plea the plaintiff filed a demurrer, and after argument judgment was given for the defendant.

The following reasons were assigned for the judgment, by VAN SYCKEL, Judge:

1. As to the objection that plea does not aver or show that any other court has exclusive jurisdiction.

The statute vests a special power in two justices of the peace to try the seizure and no such power being given to any other tribunal, it is necessarily exclusive, and this court is bound to take judicial notice of the public statute which makes this jurisdiction exclusive, where there is a sufficient averment of facts in the plea to show that the justices had acquired jurisdiction. Such jurisdiction is shown by the plea.

2. Whether the justices have power over the vessel before condemnation is perfected ?

I think that as soon as they acquire jurisdiction of the case, the vessel is subject to their control for the purposes of the act. Otherwise it would, in most cases, be impossible for them to sell the vessel after condemnation and distribute proceeds as the act directs.

3. The plea is properly in abatement.

The other questions raised are settled by *Haney* v. *Compton*, recently decided in the Court of Errors. (7 *Vroom* 507.)

A writ of error was brought to remove the judgment and proceedings to this court.

For the plaintiff in error, *A. C. Scovel* and *P. L. Voorhees.*

For the defendant in error, *W. E. Potter* and *F. F. Westcott.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This is an action of replevin, the declaration being in the common form.    The plea is to the jurisdiction of the court, and sets forth that the vessel, which is the subject of the controversy, was seized by force of the laws of this state for the preservation of clams and oysters.    The facts justifying this seizure are fully stated. From the custody thus obtained the vessel was taken by force of the writ of replevin.    There was a demurrer to this plea, and from the judgment, passed in the circuit against the demurrant, this writ of error has been brought.

If it be admitted that the two justices of the peace, before whom the information or complaint was laid, in this case, had acquired that cognizance over the procedure which the statute confers upon them, no reason of any weight has been advanced on the argument, nor has any suggested itself, why, in this replevin suit, a plea to the jurisdiction should not be interposed.    With a case thus conditioned it is difficult to conceive what question, besides that as to its own jurisdiction, the Circuit Court could pass upon.    It cannot be pretended that such court could proceed to hear and try the complaint and to proceed to judgment in that respect.    As soon as the Circuit Court should arrive at the conclusion that the special tribunal of the two justices was in lawful possession of the procedure, of very necessity its own function would be at an end.    In view of such a state of affairs it could no more retain the suit than it could retain an ejectment, the record showing the land in dispute to be situated in another county. The original procedure was *in rem,* and to permit the owner

Day v. Compton.

of the *res* to take it, by virtue of judicial process, out of the custody in which the law had placed it, would be to confound the orderly course of legal remedies. Such an act would be equivalent, in principle, to a replevy by a defendant in attachment, after the legal subjection of his goods to the writ of attachment. Many analogous cases may be suggested. Suppose a vessel to be replevied in a common law court, and plea put in disclosing that such vessel had been seized on the high seas as a prize of war. In such case it is well settled that not only the legality of the original taking, but everything incidental or consequential thereto belongs exclusively to the admiralty. *Novion* v. *Hallett*, 16 *Johns.* 327. The consequence is, such plea could well be put in to the jurisdiction of the court from which the replevin issued. Judge Story indicates this as the proper course, in *Gelston* v. *Hoyt*, 3 *Wheat.* 329. Against such a mode of pleading it would not avail to urge, as was urged in the present case, that the common law court has jurisdiction in actions of replevin, and that no plea, consequently, can be admitted which denies such jurisdiction. The reason is, that the premises are untrue, for such court has not jurisdiction either by replevin, or in any other form, over a subject matter which the law confides to the exclusive cognizance of some other tribunal. The force of this reason most conspicuously appears when, as in the present case, the original proceeding is *in rem*, for to take away, in such cases, the thing in which the jurisdiction inheres, is to abate such jurisdiction itself. As it cannot, therefore, be claimed that the Circuit Court has the power to supersede or destroy the jurisdiction of the two justices, it follows that it has no power to take away the subject on which such jurisdiction depends. Hence it would seem that the present plea is not defective either in substance or in form.

Nor do I think it would follow if this plea had been held to have been improperly put into the jurisdiction of the court, that the judgment rendered in the Circuit Court would be reversed. The facts set forth in the plea and admitted by the demurrer, conclusively show that the property replevied

should be restored to the custody of the special tribunal, and the substantial effect of the judgment has been to make such restoration. This being the case, it would seem that however irregular the form of the plea might appear to be, that the judgment should be affirmed by force of the 23d section of the practice act, which directs that " where issue is joined on demurrer, the court shall give judgment according as the very right of the cause and matter in law shall appear, without regarding any imperfection, omission, defect in or lack of form." *Nix. Dig.* 737. It would follow, therefore, that even if the defence in the present case had been conceived to have been improperly pleaded in point of form, nevertheless, as the facts stated show the judgment to be right in substance, such judgment should not be reversed.

There was a second objection to the plea in this case, which was, that it does not show that at the time of the seizure, the vessel seized had on board any person not an inhabitant and resident of this state, and that it does not appear that she was then engaged in any violation of law. But such statements are not called for. It is averred that prior to the day of seizure, the vessel had become forfeited, and an infringement of the statute on such prior occasion, is duly shown. Such forfeiture having been incurred, it was, in all respects, regular and legal to take the vessel into custody whenever a subsequent opportunity occurred. Nor is there any force in the further exception that the law does not confer any power to keep possession of the vessel between the time of the seizure and the hearing and adjudication of the justices. Such a power is a necessary incident to the jurisdiction which is conferred and as such arises by implication.

I think the judgment of the circuit should be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, BEDLE, DALRIMPLE, DEPUE, SCUDDER, WOODHULL, DODD, GREEN, LILLY.   10.

*For reversal*—None.