MANNING PATRICK, PROSECUTOR, v. ALFRED E. DRISCOLL, COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued January 17, 1945—Decided February 15, 1945.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Vincent S. Haneman* and *Samuel D. Hoffman.*

For the respondent, *Walter D. Van Riper,* Attorney-General, and *Joseph A. Murphy,* Assistant Deputy Attorney-General.

The opinion of the court was delivered by

CASE, J. The writ brings up an order of forfeiture made, after seizure and due hearing, on April 6th, 1944, by Alfred E. Driscoll, Commissioner of Alcoholic Beverage Control of the State of New Jersey, under the authority, as he conceived, of *R. S.* 33:2–1, *et seq.,* and particularly of sections 2, 3 and 5 which provide as follows:

2. "Any such still or distilling apparatus or parts thereof not registered pursuant to section 33:2–1 of this title, together with all articles, implements or paraphernalia used or adaptable for use in connection therewith and all personal property of whatsoever kind, found in a building or in any yard or inclosure connected with a building or on the premises in which such still or distilling apparatus or parts thereof are found, are declared to be unlawful property."

3. "Any officer knowing or having reasonable cause to believe that any still or distilling apparatus or any parts thereof constitute such unlawful property, it shall be his duty * * * to seize such still or distilling apparatus or parts thereof, together with all articles, implements or paraphernalia used or adaptable for use in connection therewith and all personal property of whatsoever kind, found in a building

or in any yard or inclosure connected with a building or on the premises in which such still or distilling apparatus or parts thereof are found * * *."

5. "If after such hearing the commissioner determines that the seized property constitutes such unlawful property he shall declare such property forfeited * * *."

The seized articles upon which most stress is laid are four automobiles consisting of three Ford trucks and a station wagon. One of these vehicles was at the scene when the officers arrived; the others were driven in while the seizure was in progress. It must be assumed for the purposes of this review that the prosecutor manufactured illicit apple brandy at his dwelling and that he unlawfully sold that liquor; indeed prosecutor so admits. The still was being operated at the time of the seizure in the cellar of his home located on a 26 acre farm which was owned and occupied by himself and his wife. The brandy was made on the farm from cider there expressed. The cider was kept in vats about 480 feet from the dwelling and piped to the still through an underground conduit. At the same time that the illicit still was being operated in the house prosecutor's wife was conducting a licensed tavern on the farm premises only 164 feet from the dwelling. In addition the Patricks operated a picnic ground at the back of their lawn along the bank of a bit of water known as Farrington Lake. Although other articles were seized prosecutor now demands only the mentioned motor vehicles, a few pieces of furniture (consisting of a kitchen table, a single bed, three chairs and a dresser) and 96 bottles of tax-paid alcoholic beverages (92 bottles of brandy, whiskey, gin and rum and four bottles of wine). The liquor was seized in the house located where the still was, the motor vehicles on the grounds in close proximity thereto and the furniture in a room which was a part of the cider press structure—a "sort of a living room alongside (the cider press) containing furniture as if someone was sleeping there."

Prosecutor builds his case in part upon the proposition that the automobiles were not on the premises when the officers arrived and began their seizure and were not found in the building where the still was or—so prosecutor con-'

tends—in any yard or enclosure connected therewith; and in part upon the argument that the statute authorized the seizure or forfeiture of personal property only if that property was actually used or was adaptable for use in the operation of an illegal still. The Commissioner contends that under the statute, *supra,* every article of personal property on the farm was subject to seizure and forfeiture.

Upon the facts in proof it is apparent that the prosecutor and his wife were so circumstanced that they could, if they would, operate an integrated business in illicit liquor beginning with the production of the raw materials and extending through the various stages of manufacture to the sale and consumption of the product and the use of the by-products. The facilities and opportunities were there; and since there was an admitted violation in respect of manufacture and sale, we must concede to the Commissioner, under the broad terms of the statute, a fair field in declaring forfeit such articles as were reasonably adaptable for use in the prohibited enterprise. Mrs. Patrick was part owner of the premises and co-occupant of the house, in the cellar of which the still, steaming and warm at the time of seizure, was operated. We attach no conclusive significance to the fact that the automobiles were not on the spot when the officers first came. They were such chattels as would well fit into the transportation of either the original materials or the finished product. They were, to use the statutory expression, "adaptable for use in connection" with the distilling; and they were, actually, when seized, on the premises and in such proximity to the building where the still was as to be, in our finding, within the "yard." The cider vats were feeding into the still room as actually as though immediately adjacent thereto and were, we consider, a part of the apparatus. The furniture had the semblance of being for the use and convenience of one called upon to operate the cider flow and the processes to which that function contributed. The tax-paid liquor had suspicious proximity to the room of unlawful manufacture; it was found in the same house. It is not unreasonable to believe that it was there for some function so related to the operation as to be a part thereof; perhaps so that the tax-

paid liquor and the illicit brandy might be blended, fortified, mixed or processed, the one with the other. All alcoholic beverages located in any building where an illicit beverage is found are subject to seizure and forfeiture under *R. S.* 33:1–66(b).

We are not prepared to hold in the broad terms of respondent's contention; but we consider that all of the articles under dispute were reasonably adaptable for use in connection with the operation of the still. It was within the legislative province to declare such chattels forfeit. The articles are, we think, within the comprehension of the statutory authority, even limiting that authority, as we do for the purposes of this decision, to the seizure and forfeiture of articles that are adaptable for use in connection with the prohibited act. So limited, neither the statute nor the forfeiture violates any constitutional provision. *Goldsmith, Jr.-Grant Co.* v. *United States,* 254 *U. S.* 505; 65 *Law Ed.* 376.

The order under review will be affirmed, with costs.