The appellant seeks on this appeal to set aside an order of the Alcoholic Beverage Commissioner declaring forfeit a White truck and its contents. The facts are as follows: At about 2:30 A.M. on October 22, 1948, a White truck owned by appellant and driven by one Palmeri was stopped by the Hudson County police because it "had no name on the side of it; and the truck looked dilapidated, the truck did. It looked kind of heavy. The truck looked suspicious." The officers conversed with the driver who told them that he did not know the contents of the truck; that he was driving from New York to Paterson; that the truck carried a "hot" load of sugar which he was to deliver to a man by the name of Freddie in Paterson, where "they are going to cook it up and make alcohol out of it." Palmeri was arrested and taken with the truck to headquarters where a search revealed that it contained 110 hundred-pound bags of sugar. In the course of his interrogation, it came out that Palmeri had been arrested in New York State in connection with the seizure of an unregistered still.
When the matter came on for hearing before the Commissioner, the evidence upon which the Commissioner entered the order forfeiting the seized property was as outlined above.
The procedure was had by virtue of the provisions of R.S.
33:1-1 (y) and R.S. 33:1-66 (d) and authorizes the seizure, forfeiture and disposition of "any * * * substance * * * intended for use in the manufacture of alcoholic beverages" and any "vehicle * * * used * * * with intent to use the same in the manufacture * * * of illicit beverages." The procedure is of a civil and not of a criminal nature, and the burden of proof therefore is upon the State to establish its case by a preponderance of the evidence, and they are not held to proof beyond a reasonable doubt. The essential element in order to warrant the entry *Page 65 
of the order under review is a finding that the sugar and the vehicle were intended for use in the manufacture of illicit alcoholic beverages. The Commission based its case upon the existence of a still in Paterson operated by a man named Freddie, to which the seized articles were destined to go. Credible proof of this essential element must be found in the statements of the driver, Palmeri, for there is no other evidence in the record on this point, excepting only the negative testimony of two investigators of the Alcoholic Beverage Commission that they knew of no illegal still in Paterson nor of anyone by the name of Freddie operating such a still. The driver, when interrogated by the Hudson County police and later by the agents of the Alcoholic Beverage Commission, gave conflicting and irreconcilable versions in explanation of his presence on the road at the time of his arrest. The respondent recognized this for in the brief filed in this case it is said: "The driver gives varying and conflicting versions of the business he is then engaged in and his destination. He first denies any knowledge of the contents of the truck. He says he is bound for Paterson. Later he changes his intended destination to New York. He then relates that he is transporting a stolen load of sugar. He finally admits that he is carting the sugar to a still where `Freddie' intends to use it in the unlawful manufacture of alcoholic beverages.
"Several hours later, after opportunity for reflection, he gives a weird and unbelievable tale of borrowing the truck from a Sam Schifano for the purpose of carting an unknown cargo for two men whom he has met in the street and whose names he does not know. As the story unfolds at greater length, it becomes more incredible and weird and is intertwined with a girl, some drinks and a craps game."
The case presents the anomalous situation of the entry by the Commissioner of an order, the justification for which is dependent upon a belief in the credibility of a single witness, and in the brief filed in support of the Commissioner's ruling, the story of that witness is characterized as varying, conflicting, weird and unbelievable. We are in accord with that characterization of the witness, Palmeri's, story and we *Page 66 
are of the opinion that this evidence does not meet the burden of establishing by a preponderance of the evidence, the essential requisite that the truck and the sugar were intended for use in the manufacture of alcoholic beverages.
Our attention has been drawn to the cases of Patrick v.Driscoll, 132 N.J.L. 478 (Sup. Ct. 1945), and Commonwealthv. One 1936 Ford Truck, 7 A.2d 532 (Super. Ct. Pa. 1939). We point out that in each one of these cases the existence of an illicit still, at or in close proximity to the point where the articles were seized, was either admitted or proved. It is the absence of that fact that prompts us, in the instant case, to reverse the finding below, under Rule 3:81-13. The disposition of the case on the ground that the evidence did not sustain the Commissioner's finding that the goods were constituted unlawful property makes unnecessary a discussion of the other points raised by appellant.
The order under appeal is reversed and set aside.