30 N.J. Super. 19 (1954)
103 A.2d 158
MARITA BEN ALI, ERNESTINE HENRIQUES AND VERTITIA GREENE, PLAINTIFFS-APPELLANTS,
v.
HARRY L. TOWE, DEPUTY ATTORNEY GENERAL OF NEW JERSEY AND ACTING PROSECUTOR OF BERGEN COUNTY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1953.
Decided February 26, 1954.
*21 Before Judges CLAPP, GOLDMANN and EWART.
Mr. B. Franklyn Boggia argued the cause for plaintiffs-appellants (Mr. Joseph H. Gaudielle, attorney).
Mr. Paul T. Huckin argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This appeal turns upon the question whether, by force of the statute, N.J.S.A. 24:18-38.1 to 24:18-38.3, the owners of a Cadillac automobile had forfeited their rights thereto.
Hence Green, while driving the car, was arrested for having in his clothes 30 packages of cocaine in violation of N.J.S.A. 24:18-4, a high misdemeanor (N.J.S.A. 24:18-47). The car was seized and delivered to the defendant, the Acting Prosecutor of Bergen County, and later Green was convicted and sent to State's Prison.
Shortly after his arrest, Green's mother and two married sisters, the owners of the car, instituted an action for the replevin of the car without (see R.R. 4:78-1 and 4:78-4 (c); N.J.S. 2A:59-10) issuing a writ of replevin. The judgment was for the defendant, and plaintiffs bring this appeal, citing Commercial Credit Corp. v. Congleton, 21 N.J. Super. 88 (Cty. Ct. 1952).
The statute  see the two provisos in N.J.S.A. 24:18-38.3  contemplates an action such as this (cf. Farley v. Manning, 4 N.J. 571 (1950); cf. also Day v. Compton, 37 N.J.L. 514 (E. & A. 1874), even though the property is in custodia legis. Indeed, while such an action is pending, the statute stays the confiscation proceeding provided for by its terms. However, the replevin action itself may, in the discretion of the court in which it is brought, be stayed until after the trial of the narcotics violation  if that violation *22 is to be tried; the prosecutor should not be required to try the crime first in the replevin action.
The prosecutor, to make out his defense in the action here for replevin, has the burden of establishing two matters: first, a violation of chapter 18 of Title 24 of the Revised Statutes; and, second, that the vehicle was (as stated in N.J.S.A. 24:18-38.1) "used in, for or in connection with the violation." The question here is as to the second matter and, more particularly, as to the significance to be put upon the italicized words.
According to an agreed statement of facts, Green at the time of his arrest "was using said vehicle to transport himself." But as to his purposes in that regard, we know nothing. It must therefore be taken from the record that there was no relation whatever between Green's use of the car and the possession of the drug  the violation here  save a coincidence in point of time; the relation was casual, not causal. Hence it could not be said that the car was "used * * * for * * * the violation"; "for," here, means "in order to effect" (Webster's New International Dictionary (2nd ed.)), and, as stated, the car was not used to effect the violation. The prosecutor's case must therefore depend on the words "in connection with" and "in."
The word "connection" may mean "junction" or "relationship" or, specifically, "relationship by causality, mutual dependence, logical sequence or the like; relation of things when one of them is involved in another." Webster's, supra. "The words `in connection with' could imply a relationship either proximate or remote." S.P. Dunham & Co. v. 26 E. State St. Realty Co., 134 N.J. Eq. 237, 245 (Ch. 1943). However one does not properly, or at any event ordinarily, speak of two matters as being "connected" when they have nothing in common but a coexistence in point of time. The phrase "in connection with" therefore will not aid the prosecutor's argument.
The word "in," however, is more troublesome. Among other things, it may signify "close connection by way of * * * active participation" or  a very different matter *23 here  "during the course of." Webster's, supra; cf. Tutton v. State, 28 Ga. App. 152, 110 S.E. 455 (Ct. App. 1922). It is agreed that the car was used "during the course of" the violation.
There are two canons of construction that may be brought to bear upon the word "in," both supporting plaintiffs' argument. First, there is the canon, noscitur a sociis, that a word is known by the company it keeps. But, it may be said, this is no hard and fast rule; the word may have a character of its own that will not be lost in such company. Russell Motor Car Co. v. United States, 261 U.S. 514, 73 S.Ct. 428, 67 L.Ed. 778 (1922).
The second canon is that by which we are called upon to construe forfeiture as well as penal statutes strictly. 37 C.J.S., Forfeitures, § 4, p. 8. But the injunction of this canon  assuming it applies with the same vigor to a matter of property as to a matter of life or liberty, its original concern, Maxwell, Interpretation of Statutes (8th ed.), 230  does not end the discussion. We are still obligated to search for that interpretation of the statute which will most nearly comport with its intendment. State v. Meinken, 10 N.J. 348 (1952); United States v. Lacher, 134 U.S. 624, 10 S.Ct. 625, 33 L.Ed. 1080 (1889); cf. Pound, Common Law and Legislation, 21 Harv. L. Rev. 383, 386 (1908). We might notice, too, that we find it established in the Supreme Court that this canon is without force with respect to forfeitures having to do with the revenue law. United States v. Stowell, 133 U.S. 1, 12, 10 S.Ct. 244, 33 L.Ed. 555 (1889). We hardly suppose the policy supporting the revenue law to be of greater concern to the courts than that behind the narcotic law.
This all  the resolution of the matter by means of rigidifying canons  is an unsatisfactory way of answering a constructional problem. In every such matter there should be, rather, some avowed examination of the objects of the statute and, if need be, of the consequences of the solutions proposed. See Radin, Statutory Interpretation, 43 Harv. L. Rev. 863 (1930).
*24 The designs of the statute here are fairly evident. Cf. United States v. One 1947 Oldsmobile Sedan, 104 F. Supp. 159 (D.C.N.J. 1952); United States v. One 1941 Pontiac Sedan, 83 F. Supp. 999 (D.C.N.Y. 1948); 49 U.S.C.A. § 781, 782; 26 U.S.C.A. § 3321; 19 U.S.C.A. § 483; N.J.S. 2A:152-7 to 2A:152-10, the act from which, with certain noteworthy changes, the statute here was doubtless taken. Cf. also N.J.S.A. 33:1-1 (y) and 33:1-66 providing for the forfeiture of vehicles containing illicit liquor, as to which statutes it has been said (Patrick v. Driscoll, 132 N.J.L. 478 (Sup. Ct. 1945)) that the matter is "within the legislative province." The forfeiture statute before us, dealing with narcotic violations, like a somewhat similar and much older federal statute for the forfeiture of vehicles aiding the transportation of illicit liquor, is obviously designed "for the repression of the crime." Cf. General Motors Accept. Corp. v. United States, 286 U.S. 49, 52 S.Ct. 468, 470, 76 L.Ed. 971 (1931).
We may perhaps take judicial notice of the nefariousness of the narcotic traffic and even of the fact (as the trial court said) that it is a matter sui generis. We will certainly take notice that 22 acts dealing with the narcotic evil, including the one here, were adopted in this State in 1951 and 1952. Still we hardly think the Legislature in passing a confiscatory statute "for the repression of the crime" sought the forfeiture of vehicles, the use of which had no relation whatever with the crime, save a mere coincidence in point of time. To support such a construction of the statute, its terms would have to be clearer than they are.
We thus are brought to the view that the prepositional words in the phrase, "used in, for or in connection with the violation," all refer to a tie of causality or dependency; they represent varying degrees of proximity in the relationship between the use of the car and the violation. The car here, so far as the record goes, did not, in the slightest degree, aid Green in committing the crime; the crime was not in any measure dependent on the car. The prosecutor therefore has not made out his defense.
*25 In view of these conclusions, we need not consider the question raised here as to the effect of the statute upon innocent persons who have an interest in the vehicle. United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279 (1926); Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1920); General Motors Corp. v. United States, 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971 (1931); Commonwealth v. Certain Motor Vehicle, 261 Mass. 504, 159 N.E. 613 (Sup. Jud. Ct. 1928). Nor the question as to whether the provision made by N.J.S.A. 24:18-38.3 for a forfeiture proceeding in rem and without notice is without due process, rendering the entire statute void. Haney v. Compton, 36 N.J.L. 507 (E. & A. 1873); Van Oster v. State of Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354 (1926); 8 A.L.R. 889; 45 A.L.R. 93. Nor the further question whether the last mentioned statutory provision is procedural in character and therefore superseded by R.R. 7:13-3 to 7:13-5, made applicable to forfeiture proceedings by R.R. 7:14 and 5:2-6 (c).
Reversed, with direction to enter judgment for plaintiffs.