(No. 36776— )
TERRY LEE BOLING, Appellee, v. DIVISION OF NARCOTIC CONTROL OF THE DEPARTMENT OF PUBLIC SAFETY OF THE STATE OF ILLINOIS, Appellant.

*Opinion filed March 23, 1962.*

William G. Clark, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, A. Zola Groves, and Aubrey Kaplan, Assistant Attorneys General, of counsel,) for appellant.

Paul R. Goldman, of Chicago, (Marvin Sacks, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

Proceeding under authority conferred by sections 25 through 28 of the Uniform Narcotic Drug Act, (Ill. Rev. Stat. 1959, chap. 38, par. 192.28—25 thru 192.28—28,) defendant, the Division of Narcotic Control of Illinois, seized an automobile owned by plaintiff, Terry Lee Boling, and gave notice of a proceeding to declare it forfeit because it had been used to transport marijuana, a narcotic drug. At the conclusion of the administrative hearing in the Department, the vehicle was declared forfeited both as to the plaintiff-owner's interest and as to the interest of a lien holder, the Aetna State Bank. Upon judicial review, however, the administrative decision was reversed by the superior court of Cook County. The Department prosecutes this appeal.

There is no dispute as to the facts, the problem presented being the application of such facts to the language of the statute which provides, in part: "Any vehicle, boat or aircraft which is used to unlawfully transport or facilitate the

unlawful transportation or unlawful sale of any narcotic drug * * * shall be forfeited to the State." Ill. Rev. Stat. 1959, chap. 38, par. 192.28—25.

The record shows that plaintiff was the owner of a 1958 Ford sedan. On September 8, 1960, Donald Haskins, an acquaintance, borrowed the car from plaintiff for the purpose of taking some of Haskins' clothing to a dry cleaner. When plaintiff learned of Haskins' destination, he gave the latter a bundle of his own clothing for delivery to the cleaner. Included therein was a sports jacket which plaintiff had evidently borrowed from a fellow employee at the country club where he worked. Haskins then drove the car to a cleaning establishment in Lake Zurich, Illinois, and left the clothing there.

A clerk at the cleaners went through the pockets of the jacket preparatory to cleaning and found two cigarettes which she suspected contained marijuana, a fact later substantiated by chemical analysis. She notified authorities and, the following day, two agents from the Department kept the establishment under surveillance and arrested Haskins when he came to pick up the clothing. He was again driving plaintiff's car, but a search of his person and the vehicle produced no narcotics. After interrogating Haskins the agents then went to the country club where plaintiff was working and he admitted that he owned the car in which the clothing had been transported to the cleaner. According to one agent, plaintiff also admitted that the marijuana cigarettes were his and that he had put them in the pocket of the sports jacket, but that he had forgotten about them so that they were in the pocket by inadvertance when the jacket was sent to the cleaner. Whether criminal proceedings were instituted against plaintiff or Haskins does not appear in the record, nor is it clear just when plaintiff's vehicle was confiscated.

It is the contention of the Department that intent to transport narcotics is not required, and that it is enough to work a forfeiture under the statute that narcotics have been

physically present in the vehicle. Construction of the statute appears to be one of first impression in this jurisdiction. While we may take judicial notice of the evils of narcotics traffic, and of the legislative aim at repressing such evil in enacting the statute, we think at the same time that to support the construction urged by the Department the terms of the statute would have to be much clearer than they are. (Cf. *Ben Ali* v. *Towe,* 30 N.J. Super. 19, 103 A.2d 158.) Under the broad construction contended for the statute could be extended to the vehicles of physicians and others who might transport narcotics for a legitimate purpose.

Our statute does not speak alone of vehicles used to transport narcotics, but of vehicles used to "unlawfully" transport any narcotic drug. The term "unlawful" has been defined as being that "which is contrary to law or unauthorized by law," (Black's Law Dictionary, 3rd ed., p. 1784,) and we believe its use in the forfeiture statute necessarily contemplates that there be some rational relation between the use of the vehicle and an unlawful purpose. Here there was no relation between Haskins's use of the car and plaintiff's possession of the narcotics, the only unlawful act involved, since neither man had knowledge that the marijuana was being transported in the car, and since the only purpose for which the car was used was to take clothing to a cleaner. (Cf. *People* v. *One 1941 Buick,* 28 Cal. 2d 692, 171 P.2d 719; *People* v. *One 1952 Chevrolet,* 128 Cal. App. 2d 414, 275 P.2d 509.) Instead, as was observed in *Ben Ali* v. *Towe,* 30 N.J. Super. 19, 103 A.2d 158, under comparable circumstances, the relation was casual, not causal. Under the facts we cannot say that plaintiff's vehicle was used to unlawfully transport the narcotic drug or to facilitate plaintiff's wrongful possession of such drug. See also: *Platt* v. *United States,* (10th cir.) 163 F.2d 165.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*