27 Ill.2d 429 (1963)
189 N.E.2d 347
1957 CHEVROLET et al., Appellees,
v.
THE DIVISION OF NARCOTIC CONTROL OF THE DEPARTMENT OF PUBLIC SAFETY, Appellant.
No. 37475.
Supreme Court of Illinois.
Opinion filed March 25, 1963.
*430 WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, EDWARD A. BERMAN, and CORNELIUS J. DORE, JR., Assistant Attorneys General, of counsel,) for appellant.
Order affirmed.
Mr. JUSTICE KLINGBIEL delivered the opinion of the court:
The Division of Narcotic Control of the Department of Public Safety appeals from an order of the circuit court of Cook County directing it to return a certain Chevrolet automobile to the owner. The car had been seized for having been unlawfully used to transport a narcotic drug. The judicial proceedings were brought by the car's owner, Wilbur Jones, under the Administrative Review Act, to review a decision of the Division of Narcotic Control ordering a forfeiture to the State. The Division appeals directly to this court.
Rule 39 of this court provides in part that "In all cases of appeal to this court, directly from the trial court or as a matter of right from the Appellate Court, there shall be set forth preceding the Points and Authorities and under an appropriate heading a clear and concise statement of the grounds relied upon to warrant this court in entertaining jurisdiction of the appeal." (Ill. Rev. Stat. 1961, chap. *431 110, par. 101.39.) Appellant's brief contains no such statement. We have nevertheless examined the question of jurisdiction, as we must, and find that express provision for direct review is made by section 29a of the act involved here. Ill. Rev. Stat. 1961, chap. 38, par. 22-31.
At the hearing before the Division it was found that on January 10, 1961, one Benny Green made an unlawful sale of heroin from the automobile in question, and that two days later he made a similar sale in the same car. The sales were unknown to the car's owner, Wilbur Jones, by whom Green was employed. It appears that Jones operated a restaurant or "Chicken Shack" and also a market, and had engaged Benny Green to make deliveries, both to customers and to the restaurant. Benny Green was given use of the automobile for this purpose, and was also permitted to retain the car for his personal use after the day's deliveries had been made. It further appears that the car had been purchased on contract from a dealer, which thereafter assigned the contract to a bank, and that at the time of the hearing a substantial balance remained unpaid thereon.
At the conclusion of the administrative hearing both the interest of the owner in the car and the interest of the lien holder were declared forfeited to the State, together with any interest which the dealer might still have. The complaint for administrative review challenged the Division's decision on the ground that its findings were arbitrary and unsupported by the evidence. In reversing this decision the circuit court simply ordered the car returned to the plaintiff. Nothing appears to show the ground upon which the court proceeded, nor has any brief been filed by the appellees in support of the order.
The Division acted under the authority of sections 25 and 26 of the Uniform Narcotic Drug Act, which provide for the seizure and confiscation of any vehicle used to unlawfully transport narcotics. Section 25 reads as follows: *432 "Any vehicle, boat or aircraft which is used to unlawfully transport or facilitate the unlawful transportation or unlawful sale of any narcotic drug, or in which any narcotic drug is unlawfully kept, deposited, or concealed or which is used to facilitate the unlawful keeping, depositing, concealing or selling of any narcotic drug or if any narcotic drug is unlawfully possessed by an occupant thereof or which is used to facilitate the unlawful possession or unlawful sale of any narcotic drug by an occupant thereof shall be forfeited to the State." Ill. Rev. Stat. 1959, chap. 38, par. 192.28-25.
We recently had occasion to construe this statute for the first time. In Boling v. Division of Narcotic Control, 24 Ill.2d 305, the owner of an automobile permitted a friend to use it for the purpose of taking some clothing to a dry cleaner. The owner also turned over to be cleaned a bundle of his own clothing, including a sports jacket. The jacket was thereafter found to contain two marijuana cigarettes. Although there was evidence that the cigarettes belonged to the owner of the car, he had apparently left them in the coat pocket by inadvertence, and neither he nor his friend were aware of their presence when the clothing was taken to the cleaner.
The superior court of Cook County set aside an order for forfeiture of the car. In affirming the judgment this court said that the statute requires some rational relation between use of the vehicle and an unlawful purpose, and that the evidence failed to show the car was used either for "unlawfully" transporting the drug or for facilitating its wrongful possession.
While the case at bar differs in that the driver here was engaged in an actual sale of narcotics, there is nothing to show that the plaintiff owner or the lien holder knew or had reason to know of such unlawful acts. We think a fair construction of the statute requires that something more than mere ownership of the "guilty" vehicle be shown in order *433 to work a forfeiture of one's interest therein. We can see nothing about the mere relinquishment of possession which, of itself, has any relation to its subsequent unlawful use.
In the Boling case the Department urged that it is enough to work a forfeiture under the statute that narcotics have been physically present in the vehicle. We rejected the contention, saying "While we may take judicial notice of the evils of narcotics traffic, and of the legislative aim at repressing such evil in enacting the statute, we think at the same time that to support the construction urged by the Department the terms of the statute would have to be much clearer than they are." This answer, we think, is applicable as well to the contention advanced in the case at bar. The words of a statute must be read in a reasonable, common sense manner, and serious as the evils of the narcotic traffic undoubtedly are, it is not to be supposed that the legislature intended a forfeiture unless the owner had some connection therewith or was otherwise at fault in some respect.
A further question presented relates to the propriety of ordering a forfeiture of the lien holder's interest. Section 29 provides that in the proceedings before the Division "The claimant of any right, title or interest in such vehicle, boat or aircraft may prove his lien, mortgage or conditional sales contract to be bona fide and that his right, title or interest was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser, and without any knowledge that such vehicle, boat or aircraft was being or was to be used for the purpose charged. In the event of such proof, the Division shall order such vehicle, boat or aircraft released to the bona fide owner, lien holder, mortgagee or vendor if the amount due him is equal to or in excess of the value of such vehicle, boat or aircraft. If the amount due to such person is less than the value of such vehicle, boat or aircraft, such vehicle, boat or aircraft shall be sold at public auction by *434 the Department of Finance." Ill. Rev. Stat. 1959, chap. 38, par. 192.28-29.
In the order of the Division providing for forfeiture it is found that "the lien holder did not make a reasonable investigation of the moral responsibility, character and reputation of the owner." Testimony of a bank employee in the appropriate department shows that a customary credit investigation was made prior to purchasing the contract. The only indication that an insufficient moral investigation was made is the statement of this witness that "At the time the application was submitted it was directed to clarify through Narcotics, which is our procedure in certain cases. However, * * * by the time the investigation came back the draft had already come in from the bank and the deal was placed." We have carefully examined all the evidence in the record and find that the lien holder sufficiently proved its conditional sales contract to be bona fide and otherwise satisfied the statutory requirements.
No question of constitutional validity of the statute was raised in the trial court or involved in this review. For the reasons stated the circuit court properly ordered a return of the automobile. No error having been shown the order is accordingly affirmed.
Order affirmed.