PHARISS v. KIMBROUGH, Sheriff.

No. 8787.

Court of Civil Appeals of Texas. Austin.

June 15, 1938.

Rehearing Denied June 29, 1938.

Shropshire & Sanders, of Brady, for appellant.

Wm. McCraw, Atty. Gen., Tom Gordon, Jr., and Joe Sharp, Asst. Attys. Gen., and I. J. Burns, Co. Atty., McCulloch County, of Brady, for appellee.

BLAIR, Justice.

This appeal is from an order sustaining a motion to dissolve a temporary injunction. The litigation arose out of the following facts: On January 15, 1938, the officers and employes of the State Liquor Board, acting under the provisions of Art. 666, § 44, of the State Liquor Control Act, Vernon's Ann.P.C. art. 666—44, and by virtue of a search warrant, searched a car in the possession of and owned by appellant, Johnnie Phariss, in McCulloch County, Texas, and found that he had and was transporting therein three cases of whisky; McCulloch County being a dry county or area; whereupon such officers seized the whisky and the automobile in which the same was found and was being transported, and turned the whisky, automobile, and information over to the county attorney and sheriff of McCulloch County, for further action in accordance with the terms of Sec. 44. These officials immediately filed upon information a complaint against Johnnie Phariss for the unlawful transportation of liquor in a dry area or county, in the county court of McCulloch County, Texas. Thereafter, on January 17, 1938, the said Johnnie Phariss executed a bond in the sum of $2,400, which was double the appraised value of the automobile, payable to the State of Texas, and conditioned that the said Johnnie Phariss would return the automobile to the custody of the sheriff of McCulloch County on the day of the trial of his above mentioned case; and further conditioned that he would abide the judgment of the court in said case.

The criminal case pending in the county court was set for trial on March 11, 1938, and after Phariss received notice of this setting he filed his petition in the district court of McCulloch County, seeking to enjoin the sheriff from requiring him to return the automobile on the date of the trial, and praying that he be not required to return said automobile until after the final determination of the aforesaid criminal charge against him. The trial court granted the temporary injunction upon ex parte hearing, and upon Phariss making bond the automobile was turned over to him by the sheriff in accordance with the terms of the bond. Thereafter, on March 11, 1938, Phariss was tried and duly convicted of the charge of unlawfully transporting liquor in a dry area, and his punishment assessed at a fine of $1,000. Thereafter, on March 29, 1938, the sheriff of McCulloch County filed his motion to dissolve the temporary injunction theretofore granted restraining him from taking possession of the automobile, in which he alleged the above mentioned facts, and swore that the same were true. Upon such verified pleadings, the trial court dissolved the temporary injunction, reciting in the order of dissolution, that "it is the opinion of the court that both the statute and the bond contemplate and require that the automobile so seized and described in said bond should be returned to the officer upon the date of the trial" of the criminal charge against the defendant. The court further found as follows: "There is no issue in this proceeding or before this court as to the jurisdiction or authority of the county court or the sheriff to seize or dispose of said automobile, but solely the right of the sheriff under the statute and the terms of the bond given to demand a return to him of said automobile" on the date of the trial of the criminal case.

By his first brief filed herein, appellant, Phariss, contends that the court erred in dissolving the temporary injunction because the undisputed evidence showed that he, the defendant in the criminal case, had not been finally convicted, and that by virtue of the condition of his replevy bond was legally entitled to retain

possession of the automobile until a suit was tried in a court of competent jurisdiction and the question of all principals, accessories, accomplices, lienholders and their priorities are established, and whether the automobile should be forfeited as provided by the statute. This contention is not sustained.

The statute referred to provides: "When any peace officer charged with the duty of enforcing the criminal laws of this State, shall discover any person in the act of transporting in violation of the law any liquor in any * * * automobile * * it shall be his duty to seize any and all such liquor found therein transported contrary to law. Whenever liquor transported or possessed illegally shall be seized by an officer, he shall take possession of the * * * automobile * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested and all principals, accomplices and accessories to such unlawful act under the provisions of law in any Court having competent jurisdiction; but said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties in sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide judgment of the Court." Other portions of the statute provide for the intervention of those interested as lienholders or otherwise in the automobile, and for setting up their respective claims thereto. After the conviction and after the claims or priority of lienholders or others are established in the property a court of competent jurisdiction is authorized to order the seized automobile sold, and after paying the prior claims of lienholders, if such there be, then the balance of the proceeds of the sale of the automobile shall be paid to the State Treasury to the credit of the general fund.

Appellant, Phariss, alleged that there were two lienholders who held a valid mortgage upon the automobile prior to its seizure by the sheriff; but these lienholders are not parties to the suit, and Phariss has no right to assert the lien for them. We regard the statute authorizing the seizure of the automobile as being remedial and in aid of the enforcement of the law; and the requirement that the seized automobile shall be delivered to the sheriff after having been replevied on the date of the trial is not unconstitutional. Skipper-Bivens Oil Co. v. State, Tex.Civ.App., 115 S.W.2d 1016, wherein this general principle of law is reviewed, and wherein it is stated that (page 1018) "familiar illustrations are found in various statutes and acts of Congress subjecting to confiscation vehicles, vessels, and other property used in the production or transportation of illicit liquor, narcotics, violation of the revenue, customs, neutrality laws; etc." Sterrett v. Gibson, Tex.Civ.App., 168 S.W. 16. If appellant were acquitted of the charge of unlawfully transporting liquor, the automobile would be immediately redelivered to him, because the state has no right of appeal in such case. In the event he is convicted, and if he were entitled to retain possession of the automobile and its use pending an appeal and final judgment in the Court of Criminal Appeals, which necessarily consumes a great deal of time, the automobile would be greatly diminished in value or worthless at the conclusion or final determination of the case on appeal. The mere fact that the property was required to be delivered to the sheriff on the date of the trial does not deprive him of the value of the property nor its use, except pending the hearing and determination of his guilt in connection with the offense. The statute fully protects him in authorizing his replevy of the property pending a trial of his case; and if he is convicted, then the sheriff or person into whose custody the automobile is returned is required to proceed in a court of competent jurisdiction and secure a forfeiture of the automobile and a sale thereof as directed by the statute; at which suit any person holding liens, or anywise interested in the automobile, may intervene in accordance with the terms of the statute and set up his claim therefor, and have it adjudicated in accordance with the provisions of the statute. In such a proceeding the sheriff need only show that Phariss has been finally convicted of the offense of illegally transporting liquor, because under the statute involved and the authorities, the guilt of the automobile, or the state's right of forfeiture, is imputed upon the conviction of the owner or person using the automobile in the commission of the offense; and relates back to the date of the commission of the offense. The proceeding is therefore not to forfeit, but to enforce the forfeiture that has resulted under the statute from the conviction of unlawful transportation

of intoxicating liquor, in the commission of which offense the automobile was used. Sterrett v. Gibson, Tex.Civ.App., 168 S. W. 16; Robinson Cadillac Motor Car Company v. Ratekin, 104 Neb. 369, 177 N.W. 337; State of Texas v. Donoghue, 302 U. S. 284, 58 S.Ct. 192, 82 L.Ed. ——.

By his supplemental brief appellant files four additional assignments of error, attacking the validity of the order dissolving the temporary injunction. His second assignment of error complains that there were no allegations or proof that McCulloch County, Texas, where the automobile was seized was dry territory. The agreed supplemental statement of facts shows that "McCulloch County is what is known and defined by the Texas Liquor Control Act as a dry area, in so far as the sale, possession for the purpose of sale and transportation of whisky is concerned." This concludes the issue against appellant.

By his third assignment appellant claims that the statute, Art. 666, § 44, Penal Code, Vernon's Ann.P.C. art. 666—44, is unconstitutional because it authorizes the officer seizing the automobile to require the owner to execute a bond in an amount double the value of the automobile, which appraisement or valuation is to be made by the seizing officer, and is a judicial act. The statute does not specifically authorize the seizing officer to appraise the value of the property, but requires that the party seeking to replevy same pending hearing of his case shall execute a bond in double the value of the automobile; and the statute does not require him to make a bond in excess of double the value. But if the statute does give the officer the right to fix the amount of the replevy bond, it is not unconstitutional for that reason as conferring judicial power upon an executive officer, because the amount of the bond does not fix the amount of liability of the obligors, but the value of the automobile. This is the plain inference of the statute, because if the automobile is returned, or is not replevied, then it is sold and after payment of costs the proceeds of the sale are paid into the general fund of the state. Dupree v. State, 102 Tex. 455, 119 S.W. 301.

By his fourth and fifth assignments appellant contends that the statute requiring the return of a replevied automobile on the date of trial of the criminal offense and before final conviction, deprives the defendant of his property without due process of law and is in violation of the provision of the constitution inhibiting forfeiture of property because of the conviction of crime. Vernon's Ann. St.Const. art. 1, §§ 19, 21. The agreed facts in the instant case show that a search warrant was issued and the automobile was searched by virtue thereof; that in making this valid search it was discovered that three cases of whisky had been and were being unlawfully transported in the dry territory. The authorities are uniform in holding that properties used in connection with and in aid of the commission of crime may be legally forfeited to the state. Skipper-Bivens Oil Co. v. State, Tex.Civ. App., 115 S.W.2d 1016. The act does not authorize a forfeiture of the automobile until after final conviction.

We find no error in the judgment of the trial court and it will be affirmed.

Affirmed.