21 N.J. Super. 88 (1952)
90 A.2d 550
COMMERCIAL CREDIT CORPORATION, ET ALS., PLAINTIFFS,
v.
RICHARD J. CONGLETON, ESSEX COUNTY PROSECUTOR, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Essex County Court Law Division.
Decided July 10, 1952.
*89 Messrs. Green & Yanoff, attorneys for plaintiff Commercial Credit Corporation.
Mr. Irving Piltch, attorney for County Bank & Trust Company.
Messrs. Chivian & Chivian, attorneys for General Acceptance Corp.
Mr. Milton S. Kramer, attorney for Associates Discount Co.
Mr. Edward Gaulkin, Prosecutor, and Mr. Edward Schoen, Jr., attorneys for Mr. Richard J. Congleton, County Prosecutor, and for Mr. Theodore D. Parsons, Attorney-General of the State of New Jersey.
COLIE, J.S.C.
These cases, four in number, are before the court, sitting without a jury, on a stipulation of facts. The plaintiffs are engaged in the business of purchasing *90 commercial paper and are the holders of conditional sales contracts purchased for value in the regular course of business. The automobiles covered by the contracts have been seized pursuant to R.S. 24:18-38.1 to 38.3, inclusive, and are held by the Prosecutor of Essex County. The liens admittedly are valid and have been filed and noted on the certificate of ownership in the office of the Director of Motor Vehicles. The automobiles were seized in connection with a violation of Revised Statutes, Title 24 and none of the plaintiffs had knowledge or information giving them cause to believe that they were to be used in connection with a violation of said statute. A default has taken place under each of the contracts and pursuant thereto the plaintiffs are entitled to the immediate possession of the said automobiles except for the effect of the statute first above referred to. It is further stipulated that in the event that the statute is determined to be constitutional, plaintiffs shall have the right to make such other motions for judgment on the pleadings or for summary judgment or any other applicable motion in the cause as plaintiffs deem fit and proper.
The sole question for determination is the constitutionality of N.J.S.A. 24:18-38.1 through 38.3 and the matter is before the court on briefs and oral argument.
Plaintiffs take the position that the statute is so vague, uncertain and indefinite as to be unenforceable and further that the statute violates the New Jersey and Federal Constitutions.
The statute, in part, reads:
"24:18-38.1. * * * Any motor vehicle * * * used in, for or in connection with the violation of any of the provisions of chapter eighteen of Title 24 of the Revised Statutes * * * is hereby declared to be unlawful property. Any person or officer * * * knowing or having reasonable cause to believe that any such motor vehicle, * * * constitutes such unlawful property, shall seize the same and shall forthwith give notice thereof, in writing, to the Attorney General of New Jersey and the county prosecutor of the county wherein the seizure was made, setting forth in detail a description of the property so seized."
*91 N.J.S.A. 24:18-38.2 reads:
"All property when seized shall be delivered to and be under the supervision of the county prosecutor for the county in which the seizure was made and shall be retained by the said prosecutor pending trial or ultimate disposition of the charge or charges, indictment or indictments, growing out of any arrest in connection with which such property was seized."
N.J.S.A. 24:18-38.3 reads:
"If the trial or other ultimate disposition of such charge or charges, indictment or indictments result in a record of conviction being entered against the person or persons so arrested as aforesaid, in connection with which arrest the said property was seized, then the county prosecutor may make application without prior notice to a judge of the County Court of said county, for an order declaring and ordering that such property be forfeited to the sole use and gain of the county; provided, however, that proof, to the satisfaction of the court, shall first be established that no suit or proceeding, then pending and undetermined, has been filed in any court of competent jurisdiction, against said county prosecutor seeking a recovery or return of such property.
"If the trial or other ultimate disposition * * * result in an acquittal or other final termination * * * in favor of the person or persons so arrested as aforesaid, in connection with which arrest the said property was seized, then the persons claiming to own the said property may, within six months from the date of such acquittal or other final termination, in addition to any other remedy now provided by law, make application, on giving ten days' prior notice thereof to the county prosecutor, to a judge of the County Court * * * for an order declaring such property to be the property of such person * * * and ordering the same to be returned * * *. At any time after the expiration of said period of six months from the date of acquittal or other final termination, the county prosecutor may make application without prior notice to a judge of the County Court * * *, for an order declaring and ordering that such property * * * be forfeited to the sole use and gain of the county; provided, however, that proof, to the satisfaction of the court, shall first be established that no suit or proceeding then pending and undetermined, has been filed in any court of competent jurisdiction, seeking recovery."
If the trial of the charge or indictment results in a conviction against the person arrested, then the county prosecutor may make an application to the court declaring the *92 property forfeit, provided that proof shall establish to the satisfaction of the court that there is no suit or proceeding pending seeking a recovery of said property. In the case of an acquittal, the persons claiming to own the property have six months after the acquittal to apply to the judge of the County Court for an order declaring the property to be the property of the person so applying. The significant and confusing language of this section of the statute has been clearly pointed out in the plaintiffs' brief filed in this cause and the court has taken the liberty of borrowing the language thereof verbatim:
"The statute is completely silent as to what is tried in the action for the recovery of the property. May the court which hears the action for the recovery of the property determine whether there was reasonable cause for the seizure, and whether the property was used in connection with a violation of Title 24 of the Revised Statutes? Or does the right to determine those issues inhere in the Judge of the County Court to whom an application is made for the forfeiture of the property? A third alternative is presented, namely, that no court has the right to determine these issues. If that is so, what issues, if any, can be tried on the action for the recovery of the property? Obviously, proof that the plaintiff in such a proceeding is entitled to the immediate possession of the property, except insofar as his right is barred by the statute in question, would be utterly insufficient to give him an effective remedy."
As to this point, the brief of the prosecutor is silent. Section 38.3 provides that the prosecutor may apply without notice for an order of forfeiture where there is a conviction. The next paragraph deals with what he may do in the event of an acquittal. Plaintiffs call attention to the hiatus that existed in the statute. Apparently nothing can be done by any one about the property until there is a determination of the question of guilt or innocence, but that is not nearly so confusing as the question of where the Legislature intended to put the question of whether the seizure was for reasonable cause and whether the property was used in connection with a violation of the Uniform Narcotic Drug Law. Turning to the provisos in the first and second paragraphs of section *93 38.3, it is pertinent to ask what they mean. Is it intended that if an action is pending for the recovery, then an order of forfeiture may not be entered? In the instant case, the County Court restrained the actions instituted by plaintiffs to recover the automobiles, and whence came the authority so to do? The confusion is evident when one considers that if an action is instituted by the plaintiffs to recover the property and such action was not restrained by the County Court, the court before which such suit was pending might find that there was no reasonable cause or no violation of the narcotic law, while the County Court might find simultaneously that there had been a violation of the narcotic law.
Paragraph one of section 38.3 deals with the forfeiture in the event of a conviction of the person arrested; paragraph two with the case of an acquittal of or final determination as to the person arrested. What happens in the interim between arrest and conviction or determination of innocence of the arrested party? Apparently the prosecutor holds the seized property without regard to the length of time between arrest and final disposition and with no recourse available to the owner of the property. All this is without regard to what affect the period between arrest and final disposition of the case pending against the person arrested may have.
Of N.J.S.A. 24:18-38.3 it can be said that its intent is so obscure as to defy interpretation. In Musser v. Utah, 333 U.S. 95, 68 S.Ct. 397, 92 L.Ed. 562 (1948), the court said: "Legislation may run afoul of the Due Process Clause because it fails * * * to guide courts in trying those who are accused." This statute leaves one in hopeless confusion and provides no guide therefrom. For this reason it is unconstitutional and cannot stand.
The second point raised is that the statute is unconstitutional because it violates the Fourteenth Amendment of the United States Constitution. The statute will be searched in vain for any provision for notice to parties having an interest in the property. The prosecutor's brief cites the Federal Narcotic Drugs Import and Export Act and quotes therefrom *94 at considerable length, but the arguments, based on the Federal statute, lose force when one considers that the federal statutes referred to provide for notice in 28 U.S.C.A., section 2461. The prosecutor relies on City of Newark v. Yeskel, 5 N.J. 313 (1950), but the statute there under consideration provided for notice. The court said, at page 326: "The statute under attack provides for notice to be given of the proceedings to bar redemption in the following manner: publication and posting are mandatory; mailing is permissive." In State v. Standard Oil Co., 5 N.J. 281 (1950), the escheat statute provided for a notice containing a summary of the order designating the time and place of hearing as approved by the court and to be published in a newspaper. The court held that the circumstances did not permit of a more effective notice, and thereby implicitly recognized the need for notice.
The prosecutor contends that Rule 3:79 governs the present situation and that if he conforms to the provision of that rule, then by reason thereof, the failure to provide for notice is cured. This argument is untenable. In O'Brien v. Baldwin, 2 N.J. Super. 134 (App. Div. 1949) the court held that Rule 3:79 is confined to cases where summary proceedings are expressly provided for by statute. The statute under attack here will be searched in vain for any mention of a summary proceeding.
It would appear that this case differs in no wise, so far as the requirement of notice is concerned, from Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 262, 72 L.Ed. 446 (1928), in which the New Jersey statute providing for service upon the Director of Motor Vehicles in a suit against a non-resident driver was held unconstitutional since it contained no requirement of notice to the defendant, Chief Justice Taft saying:
"It is said that the defendant here had actual notice by service out of New Jersey in Pennsylvania. He did not, however, appear in the cause and such notice was not required by the statute. Not having *95 been directed by the statute it cannot, therefore, supply constitutional validity to the statute or to service under it."
For the reasons stated, N.J.S.A. 24:18-38.1 through 38.3 is declared to be unconstitutional. Judgments for plaintiffs.