114 N.J. Super. 444 (1971)
276 A.2d 880
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
RAFAEL GARCIA, DEFENDANT.
Superior Court of New Jersey, Law Division  Criminal.
Decided April 26, 1971.
*445 Mr. Stanley J. Kaczorowski, Assistant Prosecutor, for the State (Mr. Karl Asch, Union County Prosecutor, attorney).
Mr. Robert P. Glickman for defendant (Mr. Saul C. Schutzman, attorney).
BARGER, J.S.C.
This is an application by the State for an order forfeiting title to a motor vehicle truck, being a 1968 Dodge, Model D-200, Serial No. 1281822629, to the County of Union under the provisions of N.J.S.A. 24:18-38.1, 38.2 and 38.3. The application is before the court on notice of motion, with proofs attached, and served upon defendant's attorney. In furtherance thereof the court fixed *446 a date for a hearing, at which time the court was informed there would be a stipulation of facts. Consequently, no testimony was taken and the court heard legal argument. R. 1:6-1 et seq.
Defendant was indicted for possession of a substantial quantity of marijuana, a violation of N.J.S.A. 24:18-4. He retracted his plea of not guilty, pleaded guilty, and was thereafter sentenced on March 26, 1970. As indicated in the stipulation of facts, the amount of marijuana involved, a part of which was found in a false bottom of the truck, was sizable, creating an inference that defendant in the use of the vehicle described was engaged in the trucking of this prohibited drug.
The following facts are stipulated by the State and defendant:
On December 10, 1969, the Linden Fire and Police Departments responded to a fire in a frame dwelling at No. 40 West Elizabeth Avenue, Linden, New Jersey, which was occupied by defendant, Rafael Garcia, and his family.
While the fire was being extinguished, a large quantity of marijuana was discovered in the dwelling. Another quantity of marijuana was discovered in a false bottom of a pickup truck parked behind the dwelling. Photographs showing the false bottom and its contents have been presented to the Court.
The truck is described as being a 1968 Dodge bearing Arizona registration plate JC-1290, and owned by the defendant, Rafael Garcia, with no liens thereon.
The total weight of the marijuana was 399 pounds.
The defendant was indicted for the possession of the marijuana, to which he pleaded guilty and was sentenced.
Subsequently, the State moved, on notice to defendant, for forfeiture of the truck.
The State's proofs indicate that there are no other suits or proceedings pending and undetermined in any court of competent jurisdiction seeking a recovery or return of the property concerned. This is required by N.J.S.A. 24:18-38.3.
The property was seized by the County of Union as the result of defendant's arrest and has since been in its custody. *447 N.J.S.A. 24:18-38.1 and 38.2. This application is brought under the provisions of N.J.S.A. 24:18-38.3.
Two types of forfeiture of property are judicially recognized in the law: (1) common law (or judicial) forfeiture, and (2) legislative (or statutory) in rem forfeiture. The common law forfeiture depended largely on the owner's conviction for treason or felony. Statutory forfeiture is limited to an in rem proceedings against the offending property which is condemned as such as though it had itself committed the criminal act. Farley v. $168,400.97, 55 N.J. 31, 36-38 (1969). The aim of the forfeiture is to prevent the use of such property in criminal offenses and to penalize directly the property and indirectly the owner for such use or permitting such use. The law has always disfavored forfeitures; statutes granting the right are strictly construed, but are generally recognized where the police power of the state is being exercised. Berry and Ackley v. DeMaris, 76 N.J.L. 301, 307-312 (Super. Ct. 1908); 36 Am. Jur.2d, Forfeitures and Penalties, at 615-616. The divestiture of title takes place at the time of the commission of the offense, the seizure or the final judgment of forfeiture. State v. Moriarity, 268 F. Supp. 546, 562 (D. Ct. N.J. 1967).
In Farley, supra, Chief Justice Weintraub stated:
In short, then, when a statute provides for a forfeiture, the forfeiture takes place upon the occurrence of the forbidden act or omission unless the statute provides otherwise, and the sovereign's title is in no sense inchoate because procedural due process requires an opportunity to dispute the claim of forfeiture in a judicial proceeding. The judgment in such a proceeding simply resolves a title contest, as it does in other settings, as when the situs of ownership depends upon the construction of a will or a deed, or upon a relationship to a deceased, or upon adverse possession. The judgment which settles the dispute does not initiate the title; it serves only to confirm the title by dissipating claims against it. [at 55 N.J. at 40]
It is defendant's contention that any forfeiture under N.J.S.A. 24:18-38.1 through 38.3 is unconstitutional, in that these sections of the statute are vague and confusing and *448 deny due process under the Fourteenth Amendment, and do not provide for any notice to any interested party of the seizure or forfeiture. Defendant relies on Commercial Credit Corp. v. Congleton, 21 N.J. Super. 88 (Cty. Ct. 1952). A later case passed this issue. Ben Ali v. Towe, 30 N.J. Super. 19, 25 (App. Div. 1954). Commercial Credit held that N.J.S.A. 24:18-38.1 through 38.3 were unconstitutional for vagueness and the confusing provisions contained therein, and further, for lack of provision for any notice to any interested party, resulting in a denial of due process.
This court is satisfied as a result of the cases hereinafter cited that the principles set forth in Commercial Credit, that statutes relating to forfeitures which do not provide for notice deny due process, is not the prevailing rule in this State, particularly where the proceedings are in rem, Haney and Scattergood v. Compton, 36 N.J.L. 507, 522 (E. & A. 1873), and has been at least overruled by the cases hereinafter cited. This court, upon a reading of the sections of the statute cited, does not find the vagueness or confusion referred to and indicated in the Commercial Credit case. The language of the sections of the statute referred to is not set out at length because it is fully stated in the cases herein cited.
The court in Commercial Credit appears to have grounded its decision principally on the lack of a provision for notice in the statute. It also indicated that it found vagueness and confusion in the language. It should be noted that in the present case there is no claim by any third party  the situation in Commercial Credit.
This court concludes that the question of notice under an in rem forfeiture statute is procedural and not substantive, and, as stated in Farley, supra:
We note that a forfeiture statute need not provide for procedural due process. In this State, the judiciary itself has the constitutional power to provide for the demand of procedural due process, whatever they may be. State v. American-Hawaiian Steamship Co., 29 N.J. Super. 116, 128-129 (Ch. Div. 1953). [55 N.J. at 43, n. 5]
*449 Of course, procedural due process requires notice to those interested in or having any claim upon the property concerned, with a proper opportunity to be heard. Berry and Ackley v. DeMaris, supra, 76 N.J.L. at 306-307; Farley v. $168,400.97, supra, 55 N.J. at 43; Kutner Buick, Inc. v. Strelecki, 111 N.J. Super. 89, 102 (Ch. Div. 1970). The court is satisfied that in this case the State has satisfied due process through its notice of motion and the hearing provided by this court.
This court finds that the motor vehicle described under the provisions of the cited statutes has, because of its illegal use, been forfeited to the County of Union, and title thereto is accordingly ordered transferred to it; that the statute is not vague or confusing, or unconstitutional for lack of any notice provision since this is procedural.