The STATE of Texas, Petitioner,

v.

Johnny RUMFOLO et al., Respondents.

No. B–6005.

Supreme Court of Texas.

Dec. 31, 1976.

Rehearing Denied Jan. 19, 1977.

Carol S. Vance, Dist. Atty., Robert C. Bennett, Jr., Asst. Dist. Atty., Houston, for petitioner.

Joe S. Maida, Houston, for respondents.

DENTON, Justice.

This action was brought by the State of Texas, through the District Attorney of Harris County for forfeiture of cash claimed as gambling proceeds pursuant to Art. 18.18 Tex.Code of Crim.Proc. against respondent Johnny Rumfolo, Louis Thomas Adams, George Colonetta, Cullen Duoto, Vernon Duoto, Mike Jamail and Charles Messena. Following a raid on a dice game, Houston police seized cash from these respondents. Return was made to the justice court. After hearing, the Justice of the Peace ordered forfeiture of the proceeds.

Appeal by trial de novo was brought to the county court at law. That court ordered the cash forfeited to the State. The court of civil appeals reversed and rendered judgment that the State return the proceeds, holding Art. 18.18(b) and (f) unconstitutional. 535 S.W.2d 16. We reverse the judgment of the court of civil appeals and affirm the judgment of the county court at law.

On March 12, 1975, these respondents were engaged in a dice game at 1506 Tabor Street, in Houston, Texas. Also present was an undercover policeman, C. D. Shumate. Other policemen, knowing that Shumate was present, raided the dice game. The policemen had a search warrant for a different address, 1509 Tabor Street. After raiding the dice game the policemen searched the participants and seized cash from the individuals' pants pockets and from one person's sock totaling $3,920. Shumate remained in the background and did not participate in the arrest nor searches and seizures. Shumate was supposed to have stepped outside at 11 p. m. to give a signal to the other policemen to begin the raid, but he lost track of the time and failed to do this. The other policemen became concerned for his safety and entered the apartment at 11:15 p. m. Cullen Duoto saw the police coming; and by the time they entered the garage apartment all the money used in the game had been pocketed or put in socks. Shumate was participating in the dice game with money whose serial numbers had been recorded.

The material portions of Art. 18.18 provide:

(a) Following the final conviction of a person for possession of a gambling device or equipment, altered gambling equipment, or gambling paraphernalia, for an offense involving a criminal instrument, or an offense involving a prohibited weapon, the court entering the judgment of conviction shall order that the machine, device, gambling equipment or gambling paraphernalia, instrument, or weapon be destroyed or forfeited to the state. If forfeited, the court shall order the contraband delivered to the state, any political subdivision of the state, or to any state institution or agency. If gambling proceeds were seized, the court shall order them forfeited to the state and shall transmit them to the grand jury of the county in which they were seized for use in investigating alleged violations of the Penal Code, or to the state, any political subdivision of the state, or to any state institution or agency.

(b) If there is no prosecution or conviction following seizure, the magistrate to whom the return was made shall notify in writing the person found in possession of the alleged gambling device or equipment, altered gambling equipment or gambling paraphernalia, gambling proceeds, prohibited weapon, or criminal instrument to show cause why the property seized should not be destroyed or the proceeds forfeited.

.     .     .     .     .

(f) If a person timely appears to show cause why the property or proceeds should not be destroyed or forfeited, the magistrate shall conduct a hearing on the issue and determine the nature of property or proceeds and the person's interest therein. Unless the person proves by a preponderance of the evidence that the property or proceeds is not gambling equipment, altered gambling equipment, gambling paraphernalia, gambling device, gambling proceeds, prohibited weapon, or criminal instrument, and that he is entitled to possession, the magistrate shall dispose of the property or proceeds in accordance with Paragraph (a) of this article.

Since there was no conviction or prosecution following the raid and seizure, the justice court proceeded under Art. 18.18(b) and a forfeiture of the proceeds was ordered. There was a trial de novo pursuant to Art. 44.17 Code of Crim.Proc. in the County Court at Law No. 1 of Harris County. That court, sitting without a jury, ordered all cash forfeited to the State, except for the $664 found in the sock of Donald F. West. The undercover agent testified that the

money used in the dice game went into the pockets of the players, and not into the wallets or socks of the players.

In this case we have a statutory forfeiture prescribed by the legislature in the exercise of the police power of the State. The right of the State, in the reasonable exercise of such power, to declare a forfeiture of the property of private individuals has long been recognized. *Skipper-Bivens Oil Company v. State*, 115 S.W.2d 1016 (Tex.Civ.App.1938, writ ref'd); *Phariss v. Kimbrough*, 118 S.W.2d 661 (Tex.Civ. App.1938, writ ref'd). A statute providing for the forfeiture of property used in the commission of a penal offense does not violate the constitutional guaranty that conviction of crime shall not work a forfeiture of estate. *Phariss v. Kimbrough, supra.*

Respondents argue, and the court of civil appeals has held, that because the burden of proof is placed upon the person found in possession of the property to show cause why it should not be forfeited, Art. 18.18 operates to deny due process of law. In support of its holding, the court of civil appeals relied on *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965) for the proposition that due process requires a placing of the burden of proof upon the party seeking a forfeiture of another party's claimed right, where the right claimed is of high importance. In that case the Court held that due process requires that the burden of proof to show forfeiture of parental rights rested upon him who asserts the affirmative of the proposition and not upon the allegedly negligent parent. We do not regard this decision as controlling here. The determination of parental rights is not governed by the same rules governing property rights.

A statutory proceeding for the forfeiture of personal property is one in rem, not against the owner but against the property itself, and is a proceeding of a civil nature in that it does not involve the conviction of the owner or possessor of the property seized. *State v. Meyers*, 328 S.W.2d 321 (Tex.Civ.App.1959, writ ref'd n. r. e.); *McKee v. State*, 318 S.W.2d 113 (Tex. Civ.App.1958, writ ref'd n. r. e.).

In construing an Illinois forfeiture statute the U. S. Supreme Court in *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) held: "An elementary and fundamental requirement of due process of any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." See also *State v. Garcia*, 114 N.J.Super. 444, 276 A.2d 880 (1971); *Sensenbrenner v. Crosby*, 37 Ohio St.2d 43, 306 N.E.2d 413 (1974).

The money seized in this case was taken from the person of those engaged in gambling. Such gambling proceeds may be forfeited under Art. 18.18 only by judgment of the magistrate of the court to whom the return was made, after the person in possession of the proceeds had been notified in writing of the hearing, and given an opportunity to be heard. We construe Art. 18.18 to require the State to assume the burden to prove the proceeds were used in the gambling activity and to trace the money to the named respondents. As applied to this action, the statute clearly satisfies the constitutional requirement of procedural due process. *State v. Richards*, 157 Tex. 166, 301 S.W.2d 597 (1957). Here the trial court conducted an evidentiary hearing after notice in writing to the respondents. After the State offered testimony concerning the gambling by the named respondents and the results of the search following the raid, the respondents had an opportunity to present evidence. The record shows the respondents or their attorney were present but offered no evidence at the hearing. To require claimants to show the property or proceeds is not gambling equipment or gambling proceeds as the case may be, is compatible with the due process requirement that claimants receive notice and be afforded an opportunity to present their objections to such forfeiture. In this case the State has satisfied due process through its notice and the hearing afforded the parties.

Respondents also challenge the validity of the search and contend the money seized by the police was unlawfully obtained. The search warrant is not in evidence; however, it is undisputed it described the premises to be searched as a residence located at 1509 Tabor Street, Houston, Harris County, Texas. The search was conducted at 1506 Tabor Street in Houston. The court of civil appeals held that the faulty street number rendered the search warrant invalid as to 1506 Tabor Street. In view of the court's holding the statutory scheme of forfeiture under Art. 1818(b)(f) unconstitutional and void, the court did not pursue the question of the validity of the search warrant and seizure because of probable cause.

Sergeant Troy Driscoll of the Houston Police Department testified that he and other officers had the garage apartment under surveillance for three consecutive Thursday nights. Officer C. D. Shumate, acting as an undercover agent for the Houston Police Department was present at all three Thursday night gatherings and had informed Sergeant Driscoll that gambling had taken place on the premises. He had been invited this particular evening to again participate in a dice game. Sergeant Driscoll had been informed of this fact. Several of the persons, who were later arrested, had been seen going to the apartment on the other evenings. These persons were known to the police as gamblers. Officer Shumate had arranged a signal with Sergeant Driscoll that Shumate would go outside at 11 p. m. He testified: "If for some reason I didn't walk out at 11 o'clock p. m., that meant that I might have needed help." When Shumate failed to go outside by the appointed time the officers went inside the apartment within 15 minutes and made the arrest and seized the money from those participating in the dice game. It is this money that was forfeited in the case at bar.

We hold that there was sufficient evidence for the trial court to conclude that there was probable cause for the arrests without a warrant and the subsequent search. *Garcia v. State,* 459 S.W.2d 839 (Tex.Crim.App.1970); *Rangel v. State,* 444 S.W.2d 924 (Tex.Crim.App.1969).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.