**James Byron CRAIG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0422–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 1986.

Rehearing Denied April 3, 1986.

———

Dick DeGuerin, Lewis Dickson, DeGuerin & Dickson, Houston, for appellant.

Michael J. Guarino, Galveston County Dist. Atty., Susan W. Burris, Galveston County Asst. Dist. Atty., Galveston, for appellee.

Before DUGGAN, HOYT and JACK SMITH, JJ.

OPINION

JACK SMITH, Justice.

This is an appeal from a judgment ordering a forfeiture of gambling paraphernalia and money seized from the appellant.

The appellant was stopped for speeding by the City of Hitchcock Police. After the officers noticed that he appeared to have been drinking, they administered two field sobriety tests, which the appellant failed. The appellant was placed under arrest for public intoxication, and his car was impounded and inventoried. During the inventory, the officers discovered illegal gambling paraphernalia, money and checks. The police impounded a portion of these items, and the State filed the instant suit for forfeiture of those items seized. The appellant was also indicted in Galveston County.

Initially, the appellant attacks the authority of the trial court to enter a judgment and order of forfeiture under Article 18.18 of the Texas Code of Criminal Procedure. He contends that since there was a

criminal indictment pending against him, the court had no authority under Article 18.18 to initiate the show cause proceedings and order the forfeiture. *See* Tex. Code Crim.P.Ann. art. 18.18 (Vernon Supp. 1986).

In this case, we have a statutory forfeiture proceeding prescribed by the legislature under the police power of the State. The right of the State, in the reasonable exercise of such power, to declare a forfeiture of the property of private individuals has long been recognized. *State v. Rumfolo*, 545 S.W.2d 752, 754 (Tex.1976); *Skipper-Bivens Oil Co. v. State*, 115 S.W.2d 1016, 1017–18 (Tex.Civ.App.—Austin 1938, writ ref'd).

■ Although the State, under Article 18.18, has the right to initiate forfeiture proceedings against gambling proceeds and gambling paraphernalia, it may do so only under certain circumstances: (1) following the conviction of a person for possession of gambling paraphernalia or other items listed in the statute, and (2) if there is no prosecution or conviction following seizure. Tex.Code Crim.P.Ann. art. 18.18.

In the instant case, there had not been a final conviction; however, there was a criminal prosecution pending at the time the State initiated the forfeiture proceedings, at the time the trial court had its hearing, and at the time the court ordered the forfeiture. The State contends that *State v. Rumfolo*, 545 S.W.2d 752, disposes of the appellant's contention that Article 18.18 denies him due process of law and that the trial court has no authority under the statute to initiate a show cause proceeding and order a forfeiture when a prosecution is pending.

We agree with the State that *Rumfolo* disposes of the appellant's contention that the statute denies him due process. *See id.* at 754. However, we disagree with the State's allegation that *Rumfolo* disposes of the appellant's contention that the trial court had no authority under Article 18.18 to initiate a forfeiture proceeding while appellant's criminal prosecution was pending.

In *Rumfolo*, there was no conviction or prosecution following the raid and seizure of gambling proceeds. *Id.* at 752–53. In the present case, prosecution was pending when the forfeiture proceedings were filed, heard, and the judgment of forfeiture entered. Article 18.18(b) states as follows:

(b) If there is no prosecution or conviction following seizure, the magistrate to whom the return was made shall notify in writing the person found in possession of the alleged gambling device or equipment, altered gambling equipment or gambling paraphernalia, gambling proceeds, prohibited weapon, obscene device or material, criminal instrument, or dogfighting equipment to show cause why the property seized should not be destroyed or the proceeds forfeited.

Tex.Code Crim.P.Ann. art. 18.18(b).

Under art. 18.18(a), it is clear that there must have been a final conviction for the State to initiate forfeiture proceedings. It is equally clear under Article 18.18(b) that the State can initiate court ordered forfeiture proceedings of the items listed in that section, only "if there is no prosecution or conviction following seizure."

In the present case, the appellant, in response to the prosecutor's question, consistently invoked his rights under the 5th Amendment to the United States Constitution. After several objections were sustained, the appellant's counsel objected as follows:

I object, again, to any further questioning of Mr. Craig. He has invoked his protection under the 5th Amendment. He is presently under indictment in Cause Number 840825.

■ The State did not deny or attempt to refute the appellant's allegation that he was under indictment. Although Article 18.18 requires the person claiming ownership of the property to show cause why the property should not be forfeited, the State initiated the forfeiture proceeding and therefore, has the burden of proving that it is entitled to forfeiture. Thus, it must prove all the elements set forth in Article 18.18.

■ The appellant testified that a prosecution was pending, and the State failed to disprove this statement. If a party has the means and opportunity to disprove testimony, and fails to do so, then that party may be bound by the testimony. *Walker v. Ross*, 548 S.W.2d 447, 453 (Tex.Civ.App.—Fort Worth), *writ ref'd n.r.e. per curiam*, 554 S.W.2d 189 (Tex.1977). The State failed to meet its burden of proving that no prosecution was pending.

■ We hold that the trial court was without authority to order a forfeiture under Article 18.18(a) or (b) because no final conviction had obtained, and prosecution of the appellant was pending at the time the forfeiture was ordered. The appellant's first point of error is sustained.

Since we have found that the trial court was without authority to order a forfeiture while a prosecution was pending, we find it unnecessary to address the appellant's remaining points of error.

The judgment of the trial court is reversed, and it is ordered that the forfeiture be set aside without prejudice to the State to refile.