Milton Wayne Hardy, Lovell Green Hardy, et al. v. The State of Texas














IN THE
TENTH COURT OF APPEALS
 

No. 10-99-336-CV

     MILTON WAYNE HARDY AND
     LOVELL GREEN HARDY,
     INDIVIDUALLY AND DOING BUSINESS
     AS GAME TIME AMUSEMENTS,
                                                                         Appellants
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 1
Johnson County, Texas
Trial Court # 99-000127
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      The majority reads Article 18.18 and Rumfolo too narrowly. While it does not affect the
outcome of this case, I disagree with the burden the majority has placed on the State to forfeit
contraband in a forfeiture hearing under Article 18.18(f). Their analysis is based upon a statement
that is dicta in Rumfolo.
      In Rumfolo, the Texas Supreme Court was faced with a due process challenge to forfeiture
of money seized in a raid on a dice game. See Rumfolo v. State, 545 S.W.2d 752 (Tex. 1976). 
As in this case there had been no conviction of the individuals participating in the dice game for
any criminal offense. The State was proceeding with forfeiture under Article 18.18 (b) of the
Texas Code of Criminal Procedure. Article 18.18(b) requires that “the Magistrate to whom the
return was made shall notify in writing the person found in possession of the alleged
[contraband]... to show cause why the property seized should not be destroyed or the proceeds
forfeited.” Tex. Code Crim. Proc. Ann. art. 18.18(b) (Vernon Supp. 2001).
      The particular issue was whether Article 18.18(f) violated due process. The subsection
provides that unless the person appearing to contest the forfeiture “...proves by a preponderance
of the evidence that the property or proceeds is not gambling ...[property or proceeds], the
magistrate shall dispose of the property or proceeds ....” Id. at (f).
      The lower court held that the forfeiture proceeding was quasi-criminal and that placement of
the burden of proof on the person resisting forfeiture was unconstitutional. Rumfolo v. State, 535
S.W.2d 16, 20 (Tex. Civ. App.— Houston [14th Dist.] 1976, rev’d). Thus, the issue on appeal
was whether the due process clause was violated by forfeiture in an Article 18.18(f) hearing. The
Texas Supreme Court held:
To require claimants to show the property or proceeds is not gambling equipment or
gambling proceeds as the case may be, is compatible with the due process requirement
that claimants receive notice and be afforded an opportunity to present their objections
to such forfeiture. In this case the State has satisfied due process through its notice and
the hearing afforded the parties.

Rumfolo, 545 S.W.2d at 754.
      In discussion, the Texas Supreme Court does make the statement which has caused so much
confusion over the proper placement of the burden of proof in forfeiture proceedings under Article
18.18(b). The Court’s statement is: “We construe Art. 18.18 to require the State to assume the
burden to prove the proceeds were used in the gambling activity and to trace the money to the
named respondents.” Id. I do not believe this was the basis of their holding. The Court’s holding
in Rumfolo is that the notice and opportunity to be heard satisfies the due process requirement for
forfeiture proceedings under Article 18.18(b). The burden of proof in the Article 18.18(f)
forfeiture hearing is so clearly placed upon the person resisting forfeiture that it cannot be said that
the issue being decided was upon whom the burden of proof was placed by the statute. 
      One method to analyze the placement of the burden of proof is to analyze what would happen
if neither side did anything at the hearing. There can be no question that if noone offers any
evidence at the hearing, forfeiture of the property would be the result. Hardy has not contested
the constitutionality of the procedure. Hardy has simply argued that Rumfolo places the burden
of proof on the State. He is wrong.
      The State has already presented what could be characterized as a prima facie case by
establishing probable cause for the issuance of the warrant. Tex. Code Crim. Proc. Ann. art.
18.01(b) (Vernon Supp. 2001). Sworn affidavits supporting the warrant issued by the magistrate
had to be filed before the warrant was issued. Id. We are not presented with the issue of whether
the State may forfeit property under Article 18.18(b) if the warrant under which the property was
seized has been shown to be improperly issued.
      The majority’s discussion of a requirement for the State to present a prima facie case at the
time of the Article 18.18(f) forfeiture hearing, but which places the ultimate burden of proof on
the person resisting forfeiture, is not supported by the statute. I would also argue that it is not
supported by the holding in Rumfolo. The majority reaches the same result that I would by placing
the burden at the forfeiture hearing entirely on Hardy. Accordingly, I concur in the judgment of
the court.
 
                                                             TOM GRAY
                                                             Justice

Concurring opinion delivered and filed June 27, 2001
Publish