NO. 07-06-0407-CR


NO. 07-06-0408-CR


NO. 07-06-0409-CR


NO. 07-06-0410-CR


NO. 07-06-0411-CR
 

NO. 07-06-0412-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 21, 2007


______________________________



ELI EDWARDS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NOS: 4294, 4295, 4296, 4297, 4298 & 4299; 



HON. STEVEN RAY EMMERT, PRESIDING


_______________________________



Opinion


____________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Eli Edwards (appellant) appeals his convictions for aggravated robbery and
aggravated kidnaping. Via three issues, he contends that the trial court erred by 1)
admitting evidence of an extraneous offense, 2) improperly defining the term "abduct" in
the jury charge and 3) entering an order requiring him to serve his six sentences
consecutively. We affirm the judgments as reformed.

Background
 

 Jimmy Maddox (Maddox) was at home with his wife and daughter when two masked
men broke through the front door. The men were armed with shotguns and told the group
to lay on the floor. Thereafter, they were threatened with death, moved to a cellar, and
bound with cords. So too was Maddox asked for money, and he disclosed to his assailants
where it could be found. Eventually, Maddox freed himself and the others in his family. 
He then noticed his Buick had been taken and called 911.

 Eventually, law enforcement officials encountered two individuals driving the Buick
and a chase ensued which resulted in the vehicle being abandoned. A search of the car
revealed items taken from the Maddox household plus various weapons. The next day
appellant was captured and arrested for the robbery. 

Issue One - Extraneous Offense Used to Show Identity


 In his first issue, appellant posits that the trial court erred in admitting evidence of
an extraneous offense. The evidence involved testimony about appellant having taken
weapons (shotguns) during a burglary in Oklahoma. Moreover, appellant was identified
as one of the burglars who took the shotguns. One or more of those very weapons were
later found in the Maddox Buick after the robbery and chase. This was of import to the
State because it helped identify appellant as one of the Maddox robbers; again, the
robbers wore masks and could not be identified through facial features. So, in the State's
view, evidence about the Oklahoma burglary and who was involved in it helped tie
appellant to the later robbery in Texas. Thus, the evidence allegedly was both relevant and
admissible under Texas Rule of Evidence 404(b). We agree and overrule the point.

 Finding in the Buick a shotgun appellant stole in Oklahoma has the propensity of
linking appellant to the Maddox robbery, given that a shotgun was used in the robbery. 
More importantly, it cannot be legitimately denied that the identity of the robbers was in
issue. Indeed, appellant, through his legal counsel, argued to the trial court that the
evidence of identity was very weak. So, the extraneous burglary, in general, and the
property taken during it, in particular, was relevant to an element in dispute. And, that the
Oklahoma offense may not have involved an act either identical or similar to the Texas
crime matters not for the identity between the criminal acts occurring in Oklahoma and
Texas were not important. Of import was the identity between the weapons taken in
Oklahoma, the ones used to rob the Maddox family and the ones later found in the car for
the weapons and appellant's tie to them is what identifies him as a robber. Thus, Page v.
State, 213 S.W.3d 332 (Tex. Crim. App. 2006), a case upon which appellant relies heavily
in attempting to show error, is inapposite. 

 Page dealt with an attempt to prove identity through comparing a series of acts. In
that situation, one cannot dispute that the acts have to be sufficiently similar to warrant an
inference that the person who committed some committed all. Here, however, the acts
undertaken during both offenses matter not for the focus lies on the identity between the
weapons taken by appellant during one offense and later used at another. So, because
evidence of extraneous offenses are admissible to prove identity, Tex. R. Evid. 404(b);
Johnston v. State, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004), and evidence of the
Oklahoma burglary furthered that purpose at bar, we cannot say that the trial court abused
its discretion in permitting several witnesses to disclose it at trial. (1) See Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that a trial court errs viz its
decisions to admit evidence when it abuses its discretion and the decision falls outside the
zone of reasonable disagreement).

Issue Two - Jury Charge


 In his second issue, appellant contends that the trial court's failure to properly define
"abduct" in its jury charge caused him egregious harm. That is, the abstract definition of
"abduct" included in the charge differed from the manner in which the term was used in the
indictment. However, its description in the application paragraph of the charge was
identical to that in the indictment. (2) So, while the definition did not track the indictment, the
application paragraph did, and appellant did not object to the circumstance. We overrule
the issue.

 The record evidence supported appellant's conviction of the offense as described
in the indictment. Furthermore, the application paragraph tracked the indictment, and the
words in the application paragraph were plain and easily understood. Medina v. State, 7
S.W.2d 633, 640 (Tex. Crim. App. 1999) (holding that where the application paragraph
correctly instructs the jury, an error in the abstract instruction is not egregious); Plata v.
State, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), overruled on other grounds, Malik v.
State, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997) (holding that reversal is required when
an accurate definition in the abstract definition is necessary to implement the application
paragraph); Williams v. State, No. 01-06-00037-CR, 2007 Tex. App. Lexis 1158 (Tex. App.
-Houston [1st Dist.] February 15, 2007, no pet. h.) (holding that when the application
paragraph correctly instructs the jury, a superfluous abstract definition is not egregious).
Thus, despite the definition, the jury nevertheless was told in unambiguous language that
it could not convict unless it found appellant guilty as charged in the indictment. Given
these circumstances, we do not find that appellant was egregiously harmed by the
purported error. 

Issue Three - Order Requiring Sentences to Run Consecutively


 Appellant contends that the trial court erred in entering an order wherein it "stacked"
appellant's sentences. In other words, appellant would be required to serve the six
sentences consecutively as opposed to concurrently. The State concedes this point and
asks us to reform the six judgments. We agree and sustain the issue. 

 Accordingly, the judgments of the trial court are reformed to delete the accumulation
orders. Robbins v. State, 914 S. W.2d 582, 584 (Tex. Crim. App. 1996). As reformed, the
judgments of the trial court are in all other respects affirmed. 


 Brian Quinn

 Chief Justice


Publish.
1. Appellant does not raise Texas Rule of Evidence 403.
2. The trial court charged the jury as follows: "'abduct' means to restrain a person with intent to prevent
his/her liberation by using or threatening to use deadly force." So too did it state that "'restrain' means to
restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by
moving the person from one place to another or by confining the person." Through the application paragraph,
it then informed the jury of the following:


 . . . if you find from the evidence beyond a reasonable doubt that on or about the 12th day of
March, 2006 in Wheeler County, Texas, [appellant], did then and there, intentionally or
knowingly abduct []Maddox, by restricting the movements. . . by confining him, with the intent
to prevent [] liberation, secreting or holding [] in a place where [] was not likely to be found,
and [appellant] did then and there use or exhibit a deadly weapon, to wit: a gun, during the
commission of said offense, . . . .



n>


 and had taken private property without just compensation in
violation of the Fifth Amendment of the United States Constitution. Within his pleading,
Lyons also complained that Trooper Henderson failed to comply with article 59 of the
Texas Code of Criminal Procedure because he failed to initiate suit to forfeit the seized
funds within 30 days. Lyons prayed for the return of the $106,254.91, an award of
$2,000,000 in exemplary damages, and an award of reasonable and necessary attorney’s
fees.
          In response, the defendants collectively filed an Answer, Plea to the Jurisdiction,
and Motion to Dismiss. By their Plea, the defendants alleged that sovereign immunity
barred Lyons’s suit against the State and TDPS and that Henderson was protected by both
qualified and official immunity. The trial court granted the defendants’ Plea to the
Jurisdiction and Motion to Dismiss based solely on the pleadings on file.


 Following the
trial court’s dismissal of Lyons’s suit, Lyons filed a Motion to Reinstate Suit and Request
for Hearing which, inter alia, requested reinstatement of the suit based on the trial court
dismissing the case with prejudice, but without first affording Lyons an opportunity to
amend his Petition. The record does not reflect the trial court’s ruling on this motion.
          By two issues, Lyons appeals. By his first issue, Lyons contends that the trial court
erred in dismissing his suit with prejudice without holding a hearing. By his second issue,
Lyons contends that the trial court erred by determining that it did not have subject matter
jurisdiction over this case under article 59 of the Texas Code of Criminal Procedure. 
Because a reversal of Lyons’s second issue would pretermit review of his first issue, we
will address his issues in reverse order.
 
Subject Matter Jurisdiction
          In his Petition for Return of Seized Funds, Lyons alleged theft, in violation of section
1983, and a taking of private property without just compensation, in violation of the Fifth
Amendment of the United States Constitution. By his appellate issue, Lyons contends that
article 59 of the Texas Code of Criminal Procedure either provides a cause of action for
recovery of improperly seized property or is unconstitutional. However, this issue was not
expressly presented in Lyons’s pleading. As it relates to article 59, Lyons’s pleading simply
identifies article 59.04's requirement that the attorney representing the State commence
forfeiture proceedings within 30 days of the seizure and states that this requirement was
not met in this case. When reviewing a challenge to a trial court’s subject matter
jurisdiction based on the pleadings, we must construe the pleadings liberally in favor of the
plaintiff and look to the pleader’s intent. Christus Health Gulf Coast v. Aetna, Inc., 237
S.W.3d 338, 342 (Tex. 2007); Miranda, 133 S.W.3d at 226. Applying this standard, we
conclude that the pleading is sufficient to allege a claim for a violation of article 59,
although no alternative claim of a constitutional violation was asserted.
          Subject-matter jurisdiction is essential to a court's power to decide a case. See Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). If a court lacks
subject matter jurisdiction, any order by the court in the proceeding is void. See Mapco v.
Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding). Subject matter jurisdiction
is never presumed and cannot be waived. See Tex. Ass’n of Bus., 852 S.W.2d at 443-44. 
Whether a court has subject matter jurisdiction is a matter of law reviewed de novo. Tex.
Nat’l Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). 
          Sovereign immunity protects the State of Texas, its agencies, and its officials from
lawsuits for damages, absent legislative consent to suit. Fed. Sign v. Tex. S. Univ., 951
S.W.2d 401, 405 (Tex. 1997). Any legislative consent to suit or waiver of immunity must
be made “by clear and unambiguous language.” Id. Further, it is the sole province of the
legislature to waive or abrogate sovereign immunity. Id. at 409. Thus, for Lyons to
maintain suit against any of the defendants named in his suit, he must state facts in his
pleading that establish that the defendants are either outside of the protection of sovereign
immunity or that the legislature has clearly and unambiguously consented to the type of
suit he is asserting. See Univ. of Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175,
177 (Tex. 1994).
          Lyons failed to plead any legislative consent to suit. As previously noted, his
pleading alleges a violation of article 59 of the Texas Code of Criminal Procedure, a
violation of section 1983, and a taking of private property without just compensation. 
However, Lyons did not cite any legislative consent to suit for these claims. Because
Lyons seeks damages against the State, one of its agencies, and one of its officials, the
legislature must have clearly and unambiguously consented to the claims he asserts. Fed.
Sign, 951 S.W.2d at 405; York, 871 S.W.2d at 177. 
          Looking at the facts pled that support each claim asserted by Lyons, we start with
Lyons’s claim that the defendants violated section 1983. Lyons’s entire section 1983 claim
is that the defendants’ taking of his money under color of law constituted theft, which he
contends is actionable under section 1983. An action under section 1983 may not be
maintained against a state or a state agency because neither are “persons” for purposes
of section 1983. See Will v. Mich. Dep’t of State Police, 491 U.S. 58, 68, 109 S.Ct. 2304,
105 L.Ed.2d 45 (1989); Fed. Sign, 951 S.W.2d at 405. However, Trooper Henderson is
a person under section 1983. Lyons’s section 1983 claim against Henderson is entirely
based on Henderson not initiating a forfeiture proceeding within 30 days of the seizure of
Lyons’s property. However, article 59.04(a), upon which Lyons relies, specifically indicates
that the duty to initiate forfeiture proceedings is on the attorney representing the State and
not on the seizing officer. Thus, Lyons’s pleading fails to state facts that would establish
that Henderson did or failed to do anything that violated Lyons’s constitutional rights. 
Further, the facts alleged by Lyons do not provide any challenge to Henderson’s assertion
of official immunity. See Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994) (government
official protected while performing discretionary duties in good faith within scope of
authority); Wyse v. Dep’t of Pub. Safety, 733 S.W.2d 224, 227 (Tex.App.–Waco 1986, writ
ref’d n.r.e.) (police officers are protected by official immunity). Thus, we affirm the trial
court’s dismissal of Lyons’s section 1983 claims.
          Based on our analysis above, it is clear that the facts alleged by Lyons, even if true,
are insufficient to state a claim against Henderson based on a violation of article 59. Put
another way, Lyons wholly fails to identify any facts that would show any breach of a duty
imposed on Henderson by article 59. As such, we conclude that the trial court did not err
in dismissing Lyons’s article 59 claim against Henderson. 
          As to his article 59 claims against the State and TDPS, Lyons identifies no authority
that supports a cause of action against the State for violation of article 59 nor, more
importantly, any legislative consent to such suits.


 Further, we have found no clear and
unambiguous legislative consent to suit for violation of article 59. Since the State and
TDPS are immune from suit for damages absent a clear and unambiguous legislative
waiver of immunity and as no such waiver has been given, we affirm the trial court’s
dismissal of Lyons’s claims for violation of article 59.
          Finally, Lyons alleged that the defendants took his property without just
compensation in violation of the Fifth Amendment of the United States Constitution. The
Fifth Amendment applies only to violations of constitutional rights by the United States or
a federal actor. Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000). Clearly, none
of the defendants are part of the federal government. In addition, Lyons does not allege
that any of the defendants were acting under the authority of the federal government. 
Thus, Lyons has not stated an actionable Fifth Amendment claim. Id. As such, we affirm
the trial court’s dismissal of Lyons’s claims for a taking in violation of the Fifth Amendment.
          After reviewing the facts alleged by Lyons and the claims asserted against the
defendants, we conclude that the trial court did not err in finding that it lacked subject
matter jurisdiction over Lyons’s claims. 
 
Dismissal With Prejudice
          While we affirm the trial court’s determination that it lacked subject matter
jurisdiction over Lyons’s claims, we must consider whether the trial court erred in
dismissing Lyons’s suit with prejudice without affording Lyons an opportunity to amend his
pleading. While there is no requirement that the trial court hold a hearing on a plea to the
jurisdiction, a plaintiff is entitled to a reasonable opportunity to amend unless his pleadings
affirmatively negate the existence of jurisdiction. See Tex. A&M Univ. Sys. v. Koseoglu,
233 S.W.3d 835, 839 (Tex. 2007); Miranda, 133 S.W.3d at 226-27. Because the trial court
considered the parties’ pleadings without holding a hearing, the issue is whether Lyons
could have cured the jurisdictional deficiency of his pleading by amendment.
          As addressed above, the legislature has not consented to suit against the State for
any of the claims asserted by Lyons. To the limited extent that Lyons’s suit attempts to
determine the parties’ relative rights to the seized property, Lyons does not need legislative
consent to suit. Fed. Sign, 951 S.W.2d at 404; Tex. Workforce Comm’n v. MidFirst Bank,
40 S.W.3d 690, 695 (Tex.App.–Austin 2001, pet. denied). Because a forfeiture proceeding
is an in rem proceeding, State v. Rumfolo, 545 S.W.2d 752, 754 (Tex. 1976), a suit
seeking a declaration of the parties’ rights to the seized property would not be a suit for
monetary damages.


 Thus, had Lyons been afforded the opportunity to amend his
pleading before the trial court dismissed his claims with prejudice, Lyons could have
amended his petition to request a declaration of the parties’ rights in the seized property. 
As such, we must reverse the trial court’s dismissal and remand the case to afford Lyons
a reasonable opportunity to amend his pleadings.
Conclusion
          We reverse the order of the trial court dismissing this cause and remand to the trial
court to give Lyons a reasonable opportunity to amend his pleadings.
 
                                                                           Mackey K. Hancock

                                                                                     Justice